## GEORGE DURHAM and SUSAN, his Wife, v. JOHN REED and DAVID HOPPER.

Orphans' Court.   Kent.   March 1, 1820.

*Ridgely's Notebook III, 38.*

[*Hayes* for respondent.]

THE CHANCELLOR.   It appears by the recital in the deed of conveyance, dated January 16, 1804, made by William Hanzor and Rachel, his mother, to Mr. Stout, that Nehemiah Hanzor, being seised in fee of the land in question, devised the same in fee tail to William Hanzor, now deceased.   William, the son, married Susan, one of the petitioners, and was married to her at and before January 16, 1804, the date of the deed.   Rachel was the widow of the testator, Nehemiah, and was endowed of the land devised as aforesaid.   During such endowment the deed

was made, and she survived her son William. Susan, the petitioner, the wife of William, did not join in the deed to Mr. Stout.

The defense, that the land was covered with judgments at the time of the conveyance and that Mr. Stout paid the full value thereof, will not avail. It is the sale of land by legal process which bars the wife, and not the liens or encumbrances. Debts may be paid off. The sale only divests the title; and until the title of the husband is thus divested, the wife's right to dower could not be defeated. The Act of Assembly [1 Del.Laws 109] subjects all lands to sale for the payment of debts; and it is by that Act that the wife of a man seised of land becomes divested. The Act of Assembly of 1816 [5 Del.Laws 174] gives the jurisdiction here. But in this case a sale could not have divested the wife, because her husband was seised only of an estate in tail. A sale would have given to the purchaser a title no longer than during the life of the tenant in tail. The estate in tail could be barred only by the deed, or by a common recovery; but in neither could the wife be barred of her dower, unless she had joined in the deed or had been a party to the common recovery. There is no pretense to say that the purchaser may stand in the place of judgment creditors, because they could not have barred the estate in tail by any legal process and have divested the wife; and now they cannot in any form proceed; neither could they, if the land had not been conveyed as aforesaid after the death of the tenant in tail.

There is nothing to bar the petitioner of her dower in such land as her husband had been seised of and conveyed. But she cannot be endowed of the endowment of Rachel, the widow of the testator. Her husband was not seised of that in his lifetime; for during his life the widow Rachel interposed. *Dos de dote non peti debet.*

The following is the form of the judgment:

> And now, to wit, this first day of March, 1820, the said petition coming on to be heard before the Court, and the allegations and proofs of the parties being heard examined and considered, this Court thinks fit to order, adjudge, and decree, and it is ordered, adjudged, and decreed by the Court, that the said George Durham and Susan, his wife, in right of the said Susan (which said Susan was the widow of said William Hanzor) do recover the dower of her, the said Susan, in two third parts of the land and premises mentioned in the said petition; Rachel Hanzor, who was widow of Nehemiah Hanzor, father of the said William, by which said Nehemiah the land and premises aforesaid were

devised to said William in fee tail, being endowed of the said other third part of said land and premises in the life time of said William, and at the time of his death. And that the said dower be assigned and laid off to the said George Durham and Susan, his wife, in right of the said Susan. And it is farther ordered and decreed by the Court that an order be directed to Jacob Biddle, Charles Kimmey, John McCoy, Joseph Barber and Mins Casson, freeholders, to assign and lay off the said dower.